TRACY TRIBBETT
PACIFIC JUSTICE INSTITUTE
6404 THREE RIVERS DRIVE
PASCO, WA 99301
(509) 713-9868
TTRIBBETT@PJI.ORG

IN THE UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE

| | |
|---|---|
| SCOTT CARLSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF REDMOND, DOES 1-50,<br><br>　　　　Defendant. | Case No.:<br><br>COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND WASHINGTON LAW AGAINST DISCRIMINATION |

## **INTRODUCTION**

1.　　Plaintiff worked as a Civil Servant Firefighter for the City of Redmond (City). The City required, under Governor Inslee's Proclamation 21-14 et seq., that all EMT/Paramedic Firefighters be vaccinated. Plaintiff sought and obtained an exemption and accommodation from the vaccine requirement of the City. Thereafter, the Mayor rescinded the accommodation and issued an order requiring the human resource department and the exempt EMT/Firefighters to engage in an interactive accommodation process. City then engaged Plaintiff in an interactive accommodation process whereby it was ultimately determined that an

COMPLAINT- 1

accommodation in the Plaintiff's current position would pose an undue burden upon the City.

2. The Union and the City bargained a Memorandum of Understanding which required vaccination of represented members.

3. The City negotiated with the Union to bargain a Letter of Agreement (LOA) ear-marking 5 positions for exempt firefighters. This LOA was renegotiated in November 2021 and left 4 jobs intact for exempt firefighters. Ultimately, one of those four positions was filled with an unvaccinated firefighter.

4. No other term or condition of employment was changed or negotiated as to the executed Collective Bargaining Agreement (CBA). Neither the LOA nor LOU made any changes to the physical fitness or certification requirements of the jobs.

5. The Chief, Adrian Shephard, terminated the Plaintiff for failure to be physically fit and/or hold certification for the job for which he was hired. This was the "for-cause" reason under RCW 41.12 and the Redmond Municipal Code § 10.14.

6. The new physical fitness and certification requirement outlined by the Chief constitutes a unilateral change to the Contract Bargain Agreement which lies outside the purview of the Chief.

COMPLAINT- 2

7. The Plaintiff, as third-party beneficiary, is entitled to relief for breach of the contract. Article 30 and 31 outline specific terms as to Physical fitness and EMT Certification requirements. The City unilaterally changed the terms to the CBA Article 30 and 31.

8. There is a three-fold dispute between the parties:

   a. whether or not a failure to accommodate a civil servant who is exempt from the CV19 vaccine requirement makes that employee physically unfit;

   b. whether the Chief had the authority to assert a new physical fitness requirement or certification requirement under the CBA, LOA, or LOU terms;

   c. whether a civil servant's sincere belief(s) which prevent(s) them from being vaccinated constitutes a failure to hold certification.

**JURISDICTION AND VENUE**

**PARTIES**

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States, and presents a federal question, pursuant to 28 U.S.C. § 1343(a)(3)-(4). The Court also has jurisdiction under 42 U.S.C. § 2000e5(f)(3). Venue is proper within this judicial

COMPLAINT- 3

1  district and division, pursuant to 28 U.S.C. § 1391(b), because the relevant events
2  have occurred and are threatened to occur in this jurisdictional district and division.
3  The Defendant's principal place of business is in this district.

4      10.    This Court has supplemental and concurrent jurisdiction to hear State
5  claims brought before the Court pursuant to 28 U.S.C. § 1367(a).

6      11.    Plaintiffs' claims for damages and declaratory relief are authorized by
7  28 U.S.C. § 2201-02, Civil Rules 57 and 65, and the general legal and equitable
8  powers of this Court, which empower this Court to grant the relief requested.

9      12.    Plaintiff, Scott Carlson, was an employee of the City of Redmond at
10 all times relevant herein. Mr. Carlson is an "employee" as defined under RCW §
11 49.60.040(10) and 42 U.S.C. § 2 000e(f).

12     13.    Defendant City of Redmond is a Washington municipality. The
13 Redmond Fire Department is a department within the City. The City is an
14 "employer" as defined in RCW § 49.60.040(11) and 42 U.S.C. § 2000e(b).

15     14.    The true names and capacities, whether individual, corporate,
16 associate, or otherwise, of Does 1-50, inclusive, are unknown to Plaintiffs at this
17 time, who therefore sues said Defendants by such fictitious names. Plaintiff is
18 informed and believes and thereon alleges that each of the fictitiously named
19 Defendants is in some way responsible for, or participated in, or contributed to, the
20 matters and things complained of herein, and is legally responsible in some

COMPLAINT- 4

manner. Plaintiffs will seek leave to amend this complaint when the true names, capacities, and responsibilities have been ascertained.

## STATEMENT OF FACTS

15. Proclamation 21-14 et seq issued by Gov. Inslee required vaccination of various individuals in health-care and agency settings. Included in the proclamation were EMT and Firefighters under the broad classification of a health care provider. A copy of the Proclamation is incorporated in full and attached as Exhibit 1.

16. The City of Redmond exempted and accommodated Plaintiff. Thereafter, the accommodation was revoked in accord with the Mayor's Order. A copy of that form is incorporated in full and included as Exhibit 2.

17. Mayor Angela Birney issued a Mayoral Order targeting accommodation(s) for EMT/Firefighters and revoking said accommodations. The Order is attached as Exhibit 3 and incorporated by reference in full.

18. The accommodation and exemption form were combined into one document and presumably both were revoked when the Mayor issued the order, but the City proceeded without question as to the sincerity of the belief(s) of plaintiff. The beliefs of the Plaintiff have not been called into question by the City.

19. The terms of employment had been previously negotiated in the Contract Bargaining Agreement (CBA) for the 2020-2023 term. This CBA is incorporated in full and attached as Exhibit 4.

20. Following the revocation of the accommodations the Union and the City agreed on vaccination as a requirement in a Memorandum of Understanding (MOU) incorporated in full attached hereto as Exhibit 5.

21. Additionally, the City and Union agreed upon two letters of accommodation (LOAs) which carved out five then four positions for unvaccinated firefighters. These are incorporated in full and attached hereto as Exhibits 5 and 6.

22. At all times relevant hereto, Plaintiff was employed by the City of Redmond (City) as a firefighter (FF) [prior to and through the pandemic], and up to October 18, 2021. He performed and was capable of performing the functions of his job dutifully and with no complaints, discipline, or other unfavorable marks on his record.

23. Plaintiff held an EMT license up to and through his termination which is still in effect to this day a copy of said license is attached as Exhibit 7.

24. Plaintiff was never given notice of a change to the physical fitness requirements or certification requirements of his job prior to his notice of intent to terminate. A copy of the notice of intent to terminate is included as Exhibit 8.

COMPLAINT- 6

25.     Plaintiff held the position of Fire Lieutenant up until he was terminated on April 4, 2022. There were no physical fitness changes to the Collective Bargain Agreement nor any changes regarding physical fitness or certification mentioned in the LOU or LOA.

26.     In the letter terminating Plaintiff the reason given for termination listed: failure to be physically fit to perform the functions of [your] job, and failure to hold certification [required] for your job. These are items "a" and "n" on the for-cause termination list outlined in the Redmond Municipal Code which mirrors RCW 41.08.080.

27.     Under those sections of Code civil servants cannot be terminated unless there is a for-cause reason from a list which has been codified in the above-mentioned chapter and section.

28.     Plaintiff suffered an adverse employment action against him by the City which terminated him for being physically unfit and failing to hold certification. Termination was due to the City failing to reasonably accommodate his sincerely held religious belief against SARS-CoV19 (CV19) vaccination. The City engaged in a course of conduct that materially and adversely affected the terms, conditions, or privileges of the Plaintiff's employment. As such, the Plaintiff suffered the adverse employment action of discrimination including conduct that impaired Plaintiff's employment, job record, and prospect for advancement.

COMPLAINT- 7

29. The City breached their contract obligations in asserting a new term to the physical fitness and certification requirements without properly bargaining for such. Plaintiff is a third party intended beneficiary of such negotiations and brings suit as such.

30. The dispute between the parties revolves around the claim that the Plaintiff is physically unfit and fails to hold certification for his position, and that this is a term which can be read into the CBA through the MOU and LOA negotiated.

31. Plaintiff has exhausted and satisfied administrative remedies. Included by reference and incorporated in the entirety is the Right to Sue letter, Exhibit 9.

32. Plaintiff has also filed his tort claim against the City of Redmond. A copy of said form is attached to this complaint and incorporated by reference as Exhibit 10.

**FIRST CAUSE OF ACTION**
**Failure to Accommodate**
**Violation of Title VII of the Civil Rights Act of 1964**
**[42 U.S.C. § 2000e et seq.]**

33. Plaintiff hereby incorporates and realleges the preceding paragraphs as if fully set forth herein.

34. At all times relevant hereto, Title VII was in full force and effect and was legally binding on the City of Redmond. At all times relevant hereto, the

1 Plaintiff was performing competently in the position he held with the City of Redmond Fire Department.

35. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., makes it an unlawful employment practice to fail to reasonably accommodate the religious beliefs and practices of an employee.

36. The City failed to provide reasonable alternative means of accommodation to the religious beliefs or observance that is in conflict with the work requirement, i.e., COVID-19 vaccination.

37. There is a dispute as between the parties. The City asserts that the Plaintiff is physically unfit and does not hold certification for his job due to his sincerely held religious beliefs requiring accommodation. The Plaintiff asserts that he is physically fit and holds the proper certificate to perform his job functions, but-for the City failing to reasonably accommodate him.

### SECOND CAUSE OF ACTION
**Failure to Accommodate, Adverse Employment Action**
**Violation of Washington Law Against Discrimination**
**RCW § 49.60**

38. Plaintiff hereby realleges and incorporates the preceding facts as if fully set forth herein.

39. At all times relevant hereto , WLAD was in full force and effect and was binding on the City of Redmond.

COMPLAINT- 9

40. The Plaintiff informed the City of the belief which conflicted with the vaccination policy.

41. The City acknowledged the sincerity of the belief and exempted the Plaintiff from the requirement, but failed to reasonably accommodate Plaintiff and took adverse employment action when they terminated Plaintiff employment on the basis of physical unfitness and failure to hold certifications.

42. There is an actual justiciable dispute between the parties as to whether a failure to reasonably accommodate by the employer constitutes physical unfitness and failure to hold certification for a civil servant employee under the applicable RCW and Municipal codes.

### THIRD CAUSE OF ACTION
**Breach of Contract**

43. Plaintiff, via their union representation, and Defendant had executed the CBA for the year(s) 2020-2023. Exhibit 4

44. Plaintiff was terminated without full payment of said contract due to the City inserting new terms and conditions to the contract without having negotiated new terms and conditions properly. The LOA and MOU do not speak to new physical fitness and certification requirements.

45. Defendant failed to perform in the form of payment to Plaintiff.

COMPLAINT- 10

46. Plaintiff was harmed by nonpayment of the contract balance and failure of Defendant to perform.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray the Court grant relief as follows:

A. Award Plaintiffs for actual, consequential and incidental financial losses, including, but not limited to loss of backpay, benefits, and other compensation plus interest;

B. Award Plaintiffs compensatory damages

C. Award Plaintiff other and further compensatory damages in an amount according to proof;

D. De novo review of the request for accommodation.

E. De novo review of Chief's for-cause termination on the basis of physical unfitness where the City failed to reasonably accommodate Plaintiff.

F. Issue declaratory relief in the form of a statement that City of Redmond erred when it terminated Plaintiff on the basis of physically unfitness for duty and failure to hold certification required for the job in violation of the terms of the contract (CBA).

G. Declaratory relief that a faith-based person who cannot be vaccinated cannot unilaterally be deemed physically unfit or lacking certification for the firefighting profession. Such constitutes a violation of Title VII and WLAD.

COMPLAINT- 11

  H. Declaratory relief that the termination of Plaintiff by Chief Adrian Shephard violated the CBA.

  I. Require full payment of the contract including lost benefits which would have accrued.

  Respectfully submitted this 8th day of December 2022.

        _____s/ Tracy Tribbett_____
        Tracy Tribbett, WSBA #35922

COMPLAINT- 12