1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT CARLSON,

                Plaintiffs,

     v.

CITY OF REDMOND; DOES 1-50 ,

                Defendant.

CASE NO. 2:22-cv-01739

ORDER

The Court has reviewed the Parties' Stipulated Protective Order. Dkt. No. 59. It largely tracks the District's Model Protective Order, but it deviates from the model in several important respects without explanation.

In section 6.3, the parties propose a system of challenging confidentiality designations that requires the designating party to "seek[ ] to uphold any or all designations" within a set time. *Id.* The designating party's failure to timely move will result in the "challenged documents, testimony, or information … be[ing] de-designated, except that the Designating Party may still seek relief in Court based on a good faith equitable exception." *Id.* This language turns on its head the model's presumption that materials produced as "CONFIDENTIAL" will retain that

designation until a successful challenge is mounted. *See* U.S. District Court for the Western District of Washington, Model Stipulated Protective Order, Section 6.3 ("All parties shall continue to maintain the material in question as confidential until the court rules on the challenge."). It also conflicts with the Civil Rules when it purports to limit a party's ability to seek a subsequent protective order to "equitable exceptions" only. *See* Fed. R. Civ. P. 26(c).

The parties have also modified the model Rule 502(d) order, striking over half of the model language. The stricken language was included in the model for good reason, and the parties do not offer a reason for striking it.

The Court appreciates the fact that the parties have submitted the proposed protective order as a stipulated motion. They may reach agreements among themselves about how aspects of the litigation will unfold, but when they request that the Court sign a judicial order, the proposal must be consistent with court rules.

Accordingly, the Court DENIES the Stipulated Protective Order without prejudice. The parties may refile a proposed order that addresses the Court's concerns stated above or that hews even closer to the model.

Dated this 28th day of August, 2024.


Jamal N. Whitehead
United States District Judge

ORDER - 2