1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT CARLSON,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF REDMOND; DOES 1-50 ,<br><br>        Defendants. | CASE NO. 2:22-cv-01739<br><br>ORDER |

## 1.  INTRODUCTION

This matter comes before the Court on Defendant City of Redmond's ("City") Motion for Summary Judgment, Dkt. No. 69; Plaintiffs' Motion to Deny or Defer Defendants' Motion for Summary Judgment, Dkt. No. 75-1; and Plaintiffs' Ex Parte Application to Shorten Time for Motion to Deny or Defer Defendant's Motion for Summary Judgment, Dkt. No. 75. The Court FINDS that the City moved for summary judgment before Plaintiffs could complete discovery of facts essential to justify their opposition. *See* Fed. R. Civ. P. 56(d). Therefore, the Court DENIES WITHOUT PREJUDICE the City's Motion for Summary Judgment, Dkt. No. 69, and DENIES AS MOOT Plaintiffs' related motions, Dkt. Nos. 75, 75-1.

ORDER - 1

## 2. BACKGROUND

Plaintiffs Scott Carlson, Tyler Parnell, Alison Hallifax, Sharon Davis, Brian Robillard, Josh Frei, Matthew Peterson, and Artem Teterin—all of whom formerly worked as firefighters for the City of Redmond—bring discrimination and breach-of-contract claims against the City. Dkt. No. 58. Plaintiffs allege that they "sought a religious accommodation from [the City's Covid-19] vaccine requirement," and that the City discriminated against them by refusing the accommodation. *Id.* at 1-2.

The Court issued a scheduling order setting an April 13, 2025, deadline for dispositive motions. Dkt. No. 56. But the City moved for summary judgment well before this deadline—on January 31, 2025. Dkt. No. 69. The City argues that summary adjudication is appropriate because, among other reasons, the undisputed facts show that the accommodation sought by Plaintiffs "would have created undue hardship." *Id.* at 4.

Plaintiffs intend to oppose the City's motion—and move for partial summary judgment on their own behalf—arguing, among other things, that "Defendant has not produced triable evidence of undue hardship[.]" Dkt. No. 75-2 ¶ 12. Plaintiffs state, however, that they are not yet prepared to present this argument because they have numerous outstanding discovery requests, including key depositions, relevant to this issue. *See generally id.* They state that "there is an abundance of essential evidence to be obtained in order to complete the factual record with respect to Defendant's efforts to provide religious accommodation; and its ability to provide such accommodation absent undue hardship." *Id.* ¶ 25. On this basis, Plaintiffs "contend that Defendant's motion for summary judgment was filed

prematurely, to prevent Plaintiffs from obtaining additional evidence to dispute what Defendant contends are material undisputed facts." *Id.* ¶ 26. Plaintiffs therefore move to deny or defer the City's motion for summary judgment, or, alternatively, to extend the time to file their opposition. Dkt. No. 75-1. Plaintiffs also ask the Court—via their so-called "Ex Parte Motion to Shorten Time"—to treat their request for a denial or deferral of the City's motion as a same-day motion. Dkt. No. 7.

### 3. DISCUSSION

"[S]ummary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Frlekin v. Apple, Inc.*, 979 F.3d 639, 643 (9th Cir. 2020) (citation omitted). But a court may defer consideration of—or deny—a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" Fed. R. Civ. P. 56(d).

The Ninth Circuit has held that "[w]here… a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) [now Rule 56(d)] motion fairly freely." *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773 (9th Cir. 2003) (citing *Wichita Falls Off. Assoc. v. Banc One Corp.*, 978 F.2d 915, 919 n. 4 (5th Cir.1992) (A "continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence" (internal quotation

marks and citation omitted))). A party requesting relief under Rule 56(d) where little or no discovery has taken place "cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." *Id.* at 774.

Here, the Court agrees with Plaintiffs that, given the status of discovery, the City's motion for summary judgment was prematurely filed. Plaintiffs have issued deposition notices and subpoenas for numerous witnesses whose testimony appears crucial to their case theory. *See generally* Dkt. No. 75-2. None of those depositions have taken place. As such, the Court is persuaded that Plaintiffs "cannot present facts essential to justify its opposition[.]" *See* Fed. R. Civ. P. 56(d).

Rather than deferring the City's summary judgment motion or extending Plaintiffs' time to file their opposition, the Court simply denies the motion without prejudice. That way, "[i]f the parties anticipate cross-motions for summary judgment," they may file those motions in accordance with Chambers Procedures. *See* Chambers Procedures – Civil, Section 5.8 ("Cross-motions for Summary Judgment").

## 4. CONCLUSION

The Court FINDS that City of Redmond's motion for summary judgment is premature, given the current state of discovery, and therefore DENIES the motion without prejudice under Fed. R. Civ. P. 56(d). Dkt. No. 69. This moots Plaintiffs' related motions, which are therefore DENIED. Dkt. Nos. 75, 75-1.

It is so ORDERED.

Dated this 19th day of February, 2025.

Jamal N. Whitehead
United States District Judge