UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT CARLSON; TYLER PARNELL; ALISON HALLIFAX; SHARON L. DAVIS; BRIAN ROBILLARD; JOSH FREI; MATTHEW PETERSON; ARTEM TETERIN,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF REDMOND; DOES 1-50,<br><br>Defendants. | CASE NO. 2:22-cv-01739<br><br>ORDER |

This matter comes before the Court on Defendant City of Redmond's motion to consolidate this case with the newly filed action *Scott Carlson et al. v. Birney et al.*, Case No. 2:25-cv-00514, Dkt. No. 79, and Plaintiffs' ex parte application to shorten time on Defendant's pending motion, Dkt. No. 92. Having reviewed the record, the briefing, and the law, the Court, being fully informed, DENIES both motions for the reasons explained below.

As an initial matter, "motions to shorten time have been abolished" in this District. LCR 6(b). Plaintiff's motion is therefore DENIED. Dkt. No. 92.

**ORDER** - 1

| | |
|---|---|
|1| Even so, given that the parties' summary-judgment briefing is underway—*see*|
|2| Dkt. Nos. 78, 86—the Court finds it expedient to address the motion to consolidate|
|3| now. The City of Redmond argues that discretionary consolidation under Fed. R.|
|4| Civ. P. 42(a)(2) is appropriate and would promote judicial economy because this case|
|5| and Case No. 2:25-cv-00514 involve "common questions of law and fact, are brought|
|6| by substantially the same parties and counsel, and arise from the exact same facts|
|7| and circumstances[.]" Dkt. No. 79 at 1–2. Plaintiffs counter that consolidation is|
|8| inappropriate because the newly filed action involves Section 1983 claims against|
|9| individual city officials who are not party to this case, and those claims have not yet|
|10| been subject to discovery. Dkt. No. 90. Because discovery has closed in this case,|
|11| Plaintiffs argue that consolidation without an extension of time for additional|
|12| discovery would cause unfair prejudice. *Id.*|
|13| The Court agrees with Plaintiffs that consolidating these cases without|
|14| providing more time for discovery may cause unfair prejudice. And yet, the Court|
|15| has "already moved the trial date from March 2024 to September 2024 to March|
|16| 2025 to August 2025" and, as before, "declines to postpone this matter yet again[.]"|
|17| *See* Dkt. No. 74. The Court is especially disinclined to extend the deadlines here|
|18| because, upon review, the Court is skeptical that Plaintiffs will be able to overcome|
|19| qualified immunity to establish individual liability on their Section 1983 claims|
|20| against city officials in their newly filed action. *See* Dkt. No. 86 at 24 (listing|
|21| persuasive authorities affording qualified immunity on similar facts). Delaying trial|
|22| to permit discovery on newly filed claims of doubtful viability will not promote|
|23| judicial economy.|

**ORDER** - 2

Therefore, the motion to consolidate is DENIED. Dkt. No. 79. The summary-judgment briefing schedule and trial date remain fixed. The newly filed action may proceed apace.

Dated this 22nd day of April, 2025.

Jamal N. Whitehead
United States District Judge

**ORDER** - 3