UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT CARLSON et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF REDMOND; DOES 1-50, <br><br> Defendants. | CASE NO. 2:22-cv-01739 <br><br> ORDER DENYING PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY |

Plaintiffs object to and move to strike Defendant City of Redmond's Notice of Supplemental Authority about the Ninth Circuit's recent opinion in *Petersen v. Snohomish Regional Fire and Rescue*, No. 24–1044, __ F.4th __ (9th Cir. 2025) (slip op.), arguing the notice "violates *Nichols v. Harris*, 17 F. Supp. 3d 989, 996 fn.3 (C.D. Cal. 2014), by arguing that the cases are factually similar and stating how they are allegedly similar." Dkt. No. 151 at 1.

Plaintiffs' motion fails for several reasons. First, their reliance on *Nichols* is misplaced. District court orders carry no precedential weight and are not binding on this Court. More significantly, the *Nichols* order they cite was vacated, albeit on different grounds, by the Ninth Circuit in *Nichols v. Newsom*, No. 14-55873, 2022

ORDER DENYING PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY - 1

WL 4295404 (9th Cir. Sept. 12, 2022). Plaintiffs' reliance on a vacated district court order greatly undermines their position.

Second, Defendant's Notice of Supplemental Authority complies with Local Civil Rule 7(n). The notice properly identifies relevant authority without impermissible argument. Plaintiffs' characterization of the notice as argumentative is simply wrong.

Third, and most problematically, Plaintiffs have committed the very violation they falsely accuse Defendant of committing. By filing nine numbered paragraphs distinguishing *Petersen* and arguing why it does not affect this case, Plaintiffs have filed what amounts to an unauthorized brief on the merits. LCR 7(n) provides no mechanism for opposing a notice of supplemental authority, yet Plaintiffs have done exactly what they wrongly accuse Defendant of doing—arguing their position outside the proper briefing schedule.

This procedural gamesmanship is inappropriate. Parties cannot manufacture baseless objections to justify filing additional substantive briefs beyond the Court's established briefing schedule and local rules. The motion borders on frivolous and wastes judicial resources. Plaintiffs' Motion to Strike is thus DENIED. Dkt No. 151.

Dated this 9th day of September, 2025.

Jamal N. Whitehead
United States District Judge